M. KRAUS & BROS., INC., Respondent, *v.* WILLIAM BERGMAN, as President of Manhattan Window Cleaners Union, an Unincorporated Association, et al., Appellants.

First Department, April 12, 1955.

*Morris Bauman* of counsel (*Rauch & Bauman,* attorneys), for appellants.

*Frederic S. Berman* of counsel (*Berman & Berman,* attorneys), for respondent.

*Per Curiam.* Plaintiff, engaged in the wholesale meat business in New York City, employs approximately thirty people, all of whom were represented solely by the Butchers Workmen Union pursuant to a collective bargaining agreement between that union and plaintiff.

For some twenty years prior to September, 1952, plaintiff had utilized the services of one Philip Katz, doing business as Western Union Cleaning, to do its window cleaning on a month

to month basis. It is conceded that Katz was an independent contractor. Plaintiff discontinued the services of Katz in September, 1952, and engaged the services of one William Rosenblatt, doing business as Criterion Porter & Window Cleaning Service Co. Thereafter, an official of defendant union visited plaintiff's place of business and demanded that plaintiff discontinue the new services and re-engage Katz. Upon plaintiff's refusal to reinstate Katz, defendant began to picket the premises of plaintiff with signs bearing the following inscription: "Do Not Patronize. This Store Is Unfair to Manhattan Window Cleaning Union 185 Stanton Street. Please Help Us Win." This picketing of plaintiff's premises continued intermittently for a period of one year and a half.

It is to be noted that at no time had Katz ever informed plaintiff of his affiliation with defendant union, nor had the union previously made known to plaintiff that it was the bargaining agent for Katz. It is also to be noted that at no time had defendant ever represented any employees of plaintiff, nor had defendant ever attempted to organize the employees of plaintiff. There was no employer-employee relationship, past, present or prospective, involved at all in the matter in which the union attempted to intercede. Plaintiff was not engaged in the industry, trade, craft or occupation in which the alleged dispute occurred.

The picketing placard was clearly an untruthful representation. Katz was an independent contractor. The Special Term was fully warranted in holding that there was no labor dispute existing under section 876-a of the Civil Practice Act. Furthermore, the court properly found that defendant union was unlawfully attempting to coerce plaintiff to terminate its service contract with its present window cleaner, and re-engage the services of Katz.

The judgment should accordingly be affirmed.

BASTOW, J. (dissenting). The parties to this action stipulated at the beginning of the trial "that the provisions of sections 439 and 440 of the Civil Practice Act, with respect to findings of fact and conclusions of law, be waived". We have heretofore held that the presentation of requests to find the essential facts upon which the court must pass as required by section 439 of the Civil Practice Act may be waived but not the basic requirement of section 440 that the essential facts be stated in the court's decision. (*Steel Co. of So. Cal.* v. *Associated Metals & Minerals Corp.*, 277 App. Div. 687; *Mason* v. *Lory Dress Co.*, 277 App. Div. 660.) In the latter decision, we said that "[n]ow that

formal findings have been dispensed with by statute, there is no occasion to go still farther in dispensing by stipulation with the statement of essential facts which the statute still requires. The latter cannot be eliminated by consent any more than formal findings could thus have been done away with before the amendment to section 440 in 1936.''

This case presents an aggravated example of the result of a complete waiver of the necessity of any findings of fact either formally or in the court's decision. The vice-president of the plaintiff corporation was called as the first witness. In the midst of his direct examination, the court recessed the trial and suggested a conference. Upon resuming the trial the court stated that '' Counsel and the Court have conferred, and counsel have agreed upon the facts for the purpose of submitting this matter as a question of law to the Court.'' It was then stated that the picketing had not been disorderly or in any way objectionable other than as to the placard that was carried by pickets. The court concluded with the question — '' Now, what do you gentlemen need for the record? '' There followed discussion and the extent of the stipulated facts is found in the statement of the court that '' Mr. Katz was employed to do window cleaning, and as stated by him he had been employed a long time. The plaintiff discharged him. The Court will hold that whether he was arbitrarily discharged or otherwise would not change the question as to whether or not the defendant union, of which Mr. Katz was a member, contends that it had a right under the circumstances to lawfully picket by reason of Mr. Katz's employment by the plaintiff, his discharge, and the failure of the plaintiff to in any way either re-employ Mr. Katz or to negotiate with the union.''

The decision of the court contains one paragraph relating to the facts of the case. It is stated that '' [n]o proofs have been adduced '' from which it may be inferred that the court did not base its decision in any part upon the incomplete direct testimony of plaintiff's vice-president. It is then stated that '' the parties have stipulated that Philip Katz was employed by the plaintiff for a number of years and that he was a member of the defendant union; that Philip Katz was discharged and another was employed to do the same work who is not a member of the defendant union or of the butcher's union; that plaintiff refuses to negotiate with the defendant Manhattan Window Cleaners Union for the purpose of rehiring Philip Katz or employing another member of the defendant union; and, finally, that the picketing is orderly and peaceful.''

It is impossible upon the present state of the record to pass upon the determination of the trial court granting a broad permanent injunction restraining the defendants from picketing and doing many other acts, including any acts " creating a false impression that a labor dispute exists between the plaintiff and the defendants." In view of the inadequate record and decision, there should be a new trial where the issues may be litigated or a properly stipulated statement of facts set forth upon which a decision should be made in conformity with section 440.

The decision of the court is not only insufficient for its failure to comply with section 440 but there is a complete failure to make the specific finding of fact required by paragraph (b) of subdivision 1 of section 876-a of the Civil Practice Act " That substantial and irreparable injury to complainant's property will follow unless the relief requested is granted ".

The majority apparently recognizes the absence both of facts in the record and findings of fact in the decision but sees fit to affirm the judgment upon the concession made by respective counsel at the oral argument that Katz was an independent contractor.

Paragraph (c) of subdivision 10 of section 876-a of the Civil Practice Act does not require that the disputants stand in the relation of employer and employee in order for this controversy to be a " labor dispute ". However, section 876-a does require that the dispute arise out of the employer-employee relationship; that it be a controversy " concerning terms or conditions of employment, or concerning the association or representation of persons in negotiating, fixing, maintaining, changing or seeking to arrange terms or conditions of employment, or concerning employment relations, or any other controversy arising out of the respective interests of employer and employee ".

The meager findings of fact made by the trial court indicate that here the employer-employee relationship may very well be " the matrix of the controversy." (cf. *Columbia River Co.* v. *Hinton,* 315 U. S. 143, 147.) The trial court has found that one Katz, a member of defendant's union, was " employed " by the plaintiff for a number of years and that he was discharged by the defendant. Thereafter, plaintiff refused to negotiate with the defendant union for the purpose of rehiring Katz or employing another member of the union. The picketing, that has now been permanently restrained, followed.

In this state of the record, we do not know whether the dispute here arose out of the " respective interests of employer and employee " (cf. *Drivers' Union* v. *Lake Valley Co.,* 311

U. S. 91) or whether the purpose of the picketing was simply to coerce plaintiff to use the services of a member of an association of independent contractors. (Cf. *Columbia River Co. v. Hinton, supra,* and *People* v. *Masiello,* 177 Misc. 608, affd. 271 App. Div. 875.)

The judgment appealed from should be reversed and a new trial granted.

PECK, P. J., COHN and CALLAHAN, JJ., concur in *Per Curiam* opinion; BASTOW, J., dissents and votes to reverse and grant a new trial, in opinion in which BREITEL, J., concurs.

Judgment affirmed, with costs.